FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 28 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01264-LTB

STEPHEN GRACE-BEY,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CHEYENNE RE-ENTRY CENTER,
CONTRACTED MEDICAL DEPT.,
DR. WHITE, M.D.,
EMILY BOND, Director,
BRET YOUNGBLOOD, Deputy Director,
EXECUTIVE DIRECTOR ARISTEDES ZAVARAS, and
ATTORNEY GENERAL,

    Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Stephen Grace-Bey, has filed *pro se* on July 22, 2011, a letter to the Court (Doc. #11) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on July 12, 2011. The Court must construe the letter liberally because Mr. Grace-Bey is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will construe the letter as a motion to reconsider. For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Grace-Bey's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. ***See Van Skiver***, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." ***Phelps v. Hamilton***, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." ***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court dismissed the instant action without prejudice because Mr. Grace-Bey failed either to pay an initial partial filing fee or to show cause as directed why he was unable to pay the initial partial filing fee. On June 6, 2011, Magistrate Judge Boyd N. Boland granted Mr. Grace-Bey's motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(b)(1), Magistrate Judge Boland ordered Mr. Grace-Bey either to pay an initial partial filing fee of $10.00 or to show cause why he has no assets and no means by which to pay the initial partial filing

fee. In order to show cause, Mr. Grace-Bey was directed to file a current certified copy of his inmate trust fund account statement. Mr. Grace-Bey was warned that the complaint and the action would be dismissed without further notice if he failed either to pay the initial partial filing fee or to show cause as directed within thirty days.

On June 15, 2011, Mr. Grace-Bey submitted for filing a copy of his inmate trust fund account statement dated June 8, 2011, apparently in an effort to show cause why he was unable to pay the initial partial filing fee. However, the account statement Mr. Grace-Bey submitted on June 15 was not certified by a prison official. The Court dismissed this action on July 12, 2011, after determining that Mr. Grace-Bey had neither paid the initial partial filing fee nor demonstrated good cause for his failure to pay the initial partial filing fee.

Mr. Grace-Bey asserts in the motion to reconsider that he mailed a copy of his inmate trust fund account statement to the Court on or about July 7 but he was unable to have the account statement certified because his case manager was on vacation. Mr. Grace-Bey further asserts that case managers say account statements are certified when they are printed and he contends that he has no control over such matters. Mr. Grace-Bey has attached to the motion to reconsider a copy of his inmate trust fund account statement dated July 15, 2011, that is certified by a case manager. Another certified copy of Mr. Grace-Bey's inmate trust fund account statement dated July 6, 2011, also is attached to the motion to reconsider. Finally, Mr. Grace-Bey has attached to the motion to reconsider a letter from the clerk of this Court dated July 12, 2011, that indicates an unspecified document was being returned to Mr. Grace-Bey because the document did not have a case number. It does not appear that the account statement

dated July 6, which is certified by a case manager, is the uncertified account statement Mr. Grace-Bey allegedly sent to the Court on or about July 7.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Grace-Bey fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Grace-Bey does not dispute the fact that he had been advised of the need to submit a certified copy of his inmate trust fund account statement in order to demonstrate good cause for failing to pay the initial partial filing fee. According to the Court's docketing records, the Court received only one account statement after Mr. Grace-Bey was granted leave to proceed *in forma pauperis* in this action on June 6, 2011, and that account statement, which was filed on June 15, 2011, was not certified by a prison official. If Mr. Grace-Bey was unable to procure a certified copy of his account statement, he should have advised the Court of that fact at the time he submitted the account statement. Mr. Grace-Bey's belated effort to submit a certified copy of his trust fund account statement does not convince the Court that the order dismissing this action should be vacated.

For these reasons, the motion to reconsider will be denied. Mr. Grace-Bey is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Grace-Bey wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the letter to the Court (Doc. #11) filed on July 22, 2011, which the Court has construed as a motion to reconsider, is denied.

DATED at Denver, Colorado, this __28th__ day of ____July_____, 2011.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01264-BNB

Stephen Grace-Bey
Prisoner No. 57349
Cheyenne Mountain Re-Entry Center
2925 E Las Vegas St
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 28, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk